EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
NIALL M. O'DONNELL
Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice
      4811 Airport Plaza Drive, 5th floor
      Long Beach, California 90815
      Telephone: (202) 257-3295
      E-mail:  niall.odonnell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 16-0414-GW |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT SIMON HONG |
| v. | |
| SIMON HONG, | |
| Defendant. | |

1.   This constitutes the plea agreement between SIMON HONG
("defendant") and the Fraud Section of the Criminal Division of the
United States Department of Justice, and United States Attorney's
Office for the Central District of California (together, the
"government"). This agreement is limited to the government and cannot
bind any other federal, state, local, or foreign prosecuting,
enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   At the earliest opportunity requested by the
government and provided by the Court, appear and plead guilty to

Count One of the indictment in <u>United States v. Simon Hong</u>, CR No. 16-0414-GW, which charges defendant with health care fraud conspiracy in violation of 18 U.S.C. § 1349.

       b.   Not contest facts agreed to in this agreement.

       c.   Abide by all agreements regarding sentencing contained in this agreement.

       d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

       e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

       f.   Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

       g.   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the government.

       h.   Make restitution at or before the time of sentencing, and not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

       i.   Defendant understands and acknowledges that as a result of pleading guilty pursuant to this agreement, defendant will be excluded from Medicare, Medicaid, and all Federal health care programs.  Defendant agrees to complete and execute all necessary documents provided by the United States Department of Health and Human Services, or any other department or agency of the federal

government, to effectuate this exclusion within 60 days of receiving the documents.  This exclusion will not affect defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare and Medicaid.

<u>THE GOVERNMENT'S OBLIGATIONS</u>

3.   The government agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.   Recommend that any sentence imposed in this case be served concurrently to any sentence in the case of <u>United States v. Simon Hong</u>, No. CR 16-0038-DOC (C.D. Cal.).

f.   Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 25 or higher and provided that the Court

does not depart downward in offense level or criminal history category. For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

<u>NATURE OF THE OFFENSE</u>

4. Defendant understands that for defendant to be guilty of the crime charged in Count One, that is, conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349, the following must be true:

(a) Between in or around Mary 2009 and in or around December 2012, there was an agreement between two or more persons to commit the crime of health care fraud, in violation of Title 18, United States Code, Section 1347; and

(b) Defendant became a member of the conspiracy knowing of its object and intending to help accomplish it.

5. Defendant further understands that for defendant to have committed the crime of health care fraud, the following must be true:

(a) Defendant knowingly and willfully participated in a scheme or plan to defraud a health care benefit program, namely Medicare, or a scheme or plan for obtaining money or property from Medicare by means of false or fraudulent pretenses, representations, or promises;

(b) The statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, the health care benefit program to part with money or property;

(c) Defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

4

(d)   The scheme involved the delivery of or payment for health care benefits, items, or services.

<u>PENALTIES AND RESTITUTION</u>

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1349, as charged in Count One is:  10 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.   Defendant understands that he will be required to pay full restitution to Medicare, the victim of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the government's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result:  (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts. The parties currently believe that the applicable amount of restitution is approximately $2,407,857.16, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing. Defendant further agrees that defendant

will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

8.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10.   Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to:  removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial

6

of admission to the United States in the future. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

11.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the government agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

At all times relevant to this plea agreement, the Medicare Program ("Medicare") was a federal health care benefit program, as defined by Title 18, United States Code, Section 24(b).

Beginning in or around May 2009, and continuing through in or around December 2012, in Los Angeles County, within the Central District of California, and elsewhere, defendant, together with others, knowingly combined, conspired, and agreed to commit health care fraud, in violation of Title 18, United States Code, Section 1347. The criminal conspiracy operated, in substance, in the following manner:

JH Physical Therapy, Inc. ("JH Physical Therapy"), was a clinic located in Walnut, California, within the Central District of

California. Defendant leased, owned, and controlled JH Physical Therapy in the name of a straw owner, coconspirator Roderick Belmonte Concepcion ("Concepcion"), and caused the submission to Medicare of enrollment documentation for JH Physical Therapy that falsely omitted defendant as the owner. As the owner and operator of JH Physical Therapy, defendant recruited and hired occupational therapists and physical therapists, including coconspirator Concepcion, and others to perform occupational therapy or physical therapy services.

During the course of the conspiracy, defendant knew that Medicare did not pay for acupuncture services or massage services unless the massage services were provided by a licensed therapist as part of a beneficiary's plan of care. However, once at JH Physical Therapy, Medicare beneficiaries were often only provided with acupuncture and non-therapeutic massage services from individuals not licensed to perform occupational therapy or physical therapy. Defendant and his coconspirators caused the submission of false and fraudulent claims to Medicare for occupational therapy and physical therapy services that defendant knew were never provided. Defendant then directed coconspirators to fabricate medical records to falsely reflect that the Medicare beneficiaries had received occupational therapy and physical therapy services from licensed therapists, even though defendant knew the beneficiaries had not received any such services.

As a direct result of defendant's conduct, between in or around October 2, 2009, and December 14, 2012, defendant and his coconspirators submitted or caused the submission of false and fraudulent claims to Medicare totaling approximately $3,454,485.69, of which Medicare paid approximately $2,407,857.16.

Defendant committed all of the above acts knowingly and willfully, and with the intent to defraud.

SENTENCING FACTORS

12.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13.   Defendant and the government agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:                6        [U.S.S.G. § 2B1.1(a)(2)]

Loss Amount Between
$1.5 Million and $3.5 Million   +16    [U.S.S.G. § 2B1.1(b)(1)(I)]

Health Care Fraud Offense
Above $1 million                     +2     [U.S.S.G. § 2B1.1(b)(7)]

Defendant and the government reserve the right to argue that additional specific offense characteristics (including the enhancement for Aggravating Role under U.S.S.G. § 3B1.1), adjustments, and departures under the Sentencing Guidelines are appropriate.

14.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

9

15.   Defendant and the government reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

16.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

17.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18.   Defendant agrees that, except as specified in the following paragraph, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 78 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the amount and terms of any restitution order, provided it requires payment of no more than $2,407,857.16; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19.   Defendant agrees that, if the Court requires the sentence in this case be served consecutively to any sentence imposed in the case of United States v. Simon Hong, No. CR 16-0038-DOC (C.D. Cal.), Defendant reserves his right to appeal only the Court's decision that the sentence be served consecutively.

11

20.   The government agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 57 months if defendant's criminal history is calculated as a Category I or no less than 63 months if defendant's criminal history is calculated as a Category II, the government gives up its right to appeal any portion of the sentence, with the exception that the government reserves the right to appeal the following:  the amount of restitution ordered if that amount is less than $2,407,857.16.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

21.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the government will be relieved of all of its obligations under this agreement; and (b) should the government choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

12

## EFFECTIVE DATE OF AGREEMENT

22.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and a Department of Justice Trial Attorney.

## BREACH OF AGREEMENT

23.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and a Department of Justice Trial Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the government may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the government to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the government in writing. If the government declares this agreement breached, and the Court finds such a breach to have occurred, then:  (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the government will be relieved of all its obligations under this agreement.

24.   Following the Court's finding of a knowing breach of this agreement by defendant, should the government choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND PROBATION OFFICE NOT PARTIES</u>

25.   Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the government's sentencing recommendations or the parties' agreements to facts or sentencing factors.

26.   Defendant understands that both defendant and the government are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it

14

chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case. While this paragraph permits both the government and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the government's obligations not to contest the facts agreed to in this agreement.

27.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

28.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the government and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

29.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

EILEEN M. DECKER
United States Attorney


_____        11/30/16
NIALL M. O'DONNELL                      Date
Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice


_____        11-21-16
SIMON HONG                              Date
Defendant

_____        11-21-16
JOSEPH WALSH                            Date
Attorney for Defendant Simon Hong


<u>CERTIFICATION OF DEFENDANT</u>

This agreement has been read to me in Korean, the language I understand best. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses

16

that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

SIMON HONG
Defendant

Date 11-21-16

### CERTIFICATION OF INTERPRETER

I, Sue Mi Jones, am fluent in the written and spoken English and Korean languages. I accurately translated this entire agreement from English into Korean to defendant Simon Hong on this date.

INTERPRETER

Date 11-21-16

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Simon Hong's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be

17

1  asserted either prior to or at trial, of the sentencing factors set
2  forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
3  provisions, and of the consequences of entering into this agreement.
4  To my knowledge: no promises, inducements, or representations of any
5  kind have been made to my client other than those contained in this
6  agreement; no one has threatened or forced my client in any way to
7  enter into this agreement; my client's decision to enter into this
8  agreement is an informed and voluntary one; and the factual basis set
9  forth in this agreement is sufficient to support my client's entry of
10 a guilty plea pursuant to this agreement.

11

12 _____          _____
   JOSEPH WALSH                                Date
13 Attorney for Defendant Simon Hong

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18